**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1313**

---

JUAN RAMON MEJIA-MORAN; J.J.M.A.,

> Petitioners,

v.

PAMELA JO BONDI, Attorney General,

> Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  June 30, 2025                          Decided:  July 10, 2025

---

Before WILKINSON, GREGORY, and BERNER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**ON BRIEF:**  Ivan Yacub, YACUB LAW OFFICES, LLC, Woodbridge, Virginia, for Appellant.  Brian Boynton, Principal Deputy Assistant Attorney General, Shelley R. Goad, Assistant Director, Russell J.E. Verby, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Ramon Mejia-Moran and his minor son, J.J.M.A. (together, "Petitioners"), both natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have reviewed the record and Petitioners' claims and conclude that the evidence does not compel a ruling contrary to any administrative findings on the asylum and withholding of removal applications, see 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief, *see I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).[*] Accordingly, we deny the petition for review. *In re Mejia-Moran* (B.I.A. Mar. 14, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] Petitioners also briefly challenges the denial of protection under CAT, a claim they failed to exhaust before the Board. Because the Attorney General has properly invoked the exhaustion requirement specified in 8 U.S.C. § 1252(d)(1), we decline to consider Petitioners' CAT argument. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413, 419 (2023); *Trejo Tepas v. Garland*, 73 F.4th 208, 213-14 (4th Cir. 2023).